UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN C. SCHREMPP AND<br>MARIANNE M. SCHREMPP | CIVIL ACTION |
| VERSUS | NO. 06-9240 c/w 06-10521 |
| LIBERTY MUTUAL FIRE<br>INSURANCE COMPANY | SECTION: "C" (4) |

## ORDER AND REASONS

The matter comes before the Court on a Motion to Quash Jury Demand filed by the defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") (Rec. Doc. 15). The plaintiffs, Stephen C. Schrempp and Marianne M. Schrempp (collectively, "plaintiffs") do not oppose the motion.[1] Having considered the memorandum of counsel, the record and the applicable law, the Court finds that quashing the jury demand is appropriate.

Congress established the National Flood Insurance Program ("NFIP") by

---

[1] Local Rule 7.5 requires oppositions to motions to be filed no later than eight calender days prior to the noticed hearing date. This motion is noticed for hearing on July 25, 2007. Therefore, any opposition was due on July 17, 2007.

enacting the National Flood Insurance Act ("NFIA") of 1968, 42 U.S.C. § 4001, *et. seq*. Under the NFIP, the director of the Federal Emergency Management Agency ("FEMA"), can use private insurance companies, i.e. Write-Your-Own ("WYO") companies, to aid in the administration of the program. The public can purchase standard flood insurance policies ("SFIPs") either directly from FEMA or from the WYO companies. 42 U.S.C. § 4071-72 (2006).

Plaintiffs purchased a SFIP from Liberty Mutual, a WYO company. Their insured property was damaged by Hurricane Katrina. They filed this suit against Liberty Mutual, in its capacity as a WYO insurer, alleging that Liberty Mutual arbitrarily and capriciously denied coverage under the flood insurance policy and arbitrarily and capriciously refused to pay benefits under the policy. The plaintiffs also made a jury demand.

The Seventh Amendment of the United States Constitution provides for jury trials in civil matters where the amount in controversy is more than twenty dollars. However, this right does not apply to actions in which the plaintiffs seek to recover funds from the United States Treasury, unless Congress affirmatively grants the right to a jury trial by statute. *Lehman v. Nakshian*, 453 U.S. 156, 160 and 165, 101 S.Ct. 2698,

2701, 69 L.Ed.2d 548 (1981) (*citing Galloway v. United States*, 319 U.S. 372, 63 S.Ct. 1077, 1086, 87 L.Ed. 1458 (1943)).  "Congress has not provided for this right by statute in the NFIA; therefore, when a claimant brings an action under 42 U.S.C. § 4072 against . . . a WYO for coverage on the policy or disputes regarding terms of the policy a right to a jury trial is denied." *Gallup v. Omaha Property & Casualty Ins. Co.*, 2004 WL 2435002, at *2 (E.D.La. 10/29/2004) (*citing Latz v. Gallagher*, 550 F.Supp. 257 (W.D.Mich.S.D. 1982; *Kolner v. Director, FEMA*, 547 F.Supp. 828, 830 (N.D.Ill. 1982); *Copeland v. FEMA*, 2004 WL 325577 (E.D.La. 2/18/2004)).

Accordingly,

IT IS ORDERED that Liberty Mutual's Motion to Quash Jury Demand is hereby **GRANTED**. The plaintiffs are not entitled to a trial by jury for any of their claims against Liberty Mutual pertaining to their SFIP.

New Orleans, Louisiana this 24th day of July, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

3